# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI WALTER WILLIAMS, <br><br> Petitioner, <br><br> v. <br><br> RALPH DIAZ, Acting Secretary, <br><br> Respondent. | Case No.: 1:18-cv-01362-AWI-JLT (HC) <br><br> FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS [Doc. 15] <br><br> [TWENTY-ONE DAY OBJECTION PERIOD] |

On December 18, 2018, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations. (Doc. 15.) Petitioner filed an opposition to the motion on January 2, 2019. (Doc. 19.) Respondent did not file a reply to the opposition. The Court agrees with Petitioner that the petition is timely and will therefore recommend that Respondent's motion to dismiss be DENIED and Respondent be directed to file a response.

## DISCUSSION

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

1

procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitation Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on August 15, 2018,[1] and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitations on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Respondent argues that Petitioner's direct review became final ninety days after the California Supreme Court denied review when the time for filing a petition for writ of certiorari expired. However, as Petitioner notes in his opposition, he did in fact file a timely petition for writ of certiorari in the United States Supreme Court on March 13, 2017. (Doc. 19 at 2.) That petition was denied on October 2, 2017. (Doc. 19 at 3.)

---

[1] Under the mailbox rule, a petitioner's pleading is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

Therefore, the judgment became final on October 2, 2017. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001) (judgment becomes final for statute of limitations purposes on the date the United States Supreme Court denies the petition or issues a merits decision). Thus, Petitioner had one year until October 2, 2018, to file his federal petition. Since he filed it on August 15, 2018, the petition is timely.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be DENIED and Respondent be directed to file a response to the petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 18, 2019**                **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE